JULIA CAYERE CALZADA ET AL., Plaintiffs and Appellants, *v.* FRANCISCO BUXÓ, Defendant and Appellee.

No. 8722.   Argued December 13, 1943.—Decided January 31, 1944.

*Gladys Lasa* for appellants.   *Antonio L. López* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In this case, which is an action on a promissory note made payable "to order," the District Court of San Juan dismissed the complaint on the ground "that the presumption that the promissory note, subject matter of the action, is mercantile in character, has not been overcome by the evidence," and, therefore, sustained the defense set up by the defendant that the action was barred because the obliga-

tion in question was commercial and had prescribed after three years. The plaintiffs took the present appeal and, as an only error, alleged that the lower court erred in weighing the evidence and in holding that the note giving rise to this action is mercantile in character and that, therefore, the action to recover on said note is barred.

Plaintiffs alleged in the amended complaint that they were adjuged heirs of Doña Tomasa Calzada, widow of Cayere, and that the defendant, on December 21, 1925, executed and subscribed a promissory note to the order of said lady in the sum of $500 which was to mature on March 21, 1926. In the third paragraph it was alleged as follows:

"3. The promissory note above transcribed did not arise from a commercial transaction and at the time of its execution and delivery to Mrs. Tomasa Calzada widow of Cayere, neither she nor the debtor, Francisco Buxó, was a merchant."

The plaintiffs further alleged that they inherited said note, which is in their possession; that the defendant has not paid said note to Mrs. Calzada nor to the plaintiffs; that payment has been demanded from the defendant, in writing and orally at various specified dates.

The defendant admitted in his answer that he executed and subscribed the note but stated that he never received any money therefor, inasmuch as he signed said obligation to accomodate a friend of his, Mr. Luis Rigual. Defendant answered the third paragraph of the complaint as follows:

"III. For lack of sufficient information, the defendant denies every allegation made regarding Mrs. Tomasa Calzada widow of Cayere, set forth in paragraph 3, which is thusly answered."

He also denied the other averments of the complaint and by way of special defense alleged that the claim had prescribed.

What strikes us first from the preceding allegations is the fact that, as to the third paragraph of the complaint, defend-

ant should confine himself to a denial of everything in connection with Mrs. Tomasa Calzada widow of Cayere. Therefore, we must accept as an admitted fact that the note did not arise from a commercial transaction and that the defendant at the time of its execution was not a merchant.

■ ■ Upon examining the evidence we think that it was sufficiently established, by the testimony of witness Adolfo García Veve, that Mrs. Calzada was not engaged in business, but that "she was the owner of several houses here and that she resided in France, and appointed me as her attorney-in-fact on 1924 or 1925 before leaving." (Tr. of Ev., p. 8) and also by the testimony of one of the plaintiffs who stated that her mother "was engaged in housekeeping." (Tr. of Ev., p. 17.) This evidence was not controverted by the defendant. Since it appears from his own testimony that he had lived all his life in the country (Tr. of Ev., p. 23) and on verifying his answer he stated that he was a farmer, we are bound to conclude that neither of the contracting parties was a merchant at the time of the execution of the note. As to the origin of the note the defendant also testified that he had subscribed a promissory note to accommodate his friend, Mr. Rigual, who like him, was a Knight of Columbus, and subsequently when the note was not paid he signed the note sued on; that he assumed the obligation of the debt.

Therefore, there was a showing that the promissory note did not arise from a commercial transaction and that the loan was not made for commercial purposes.

The lower court erred in deciding that the presumption that the note in the instant case was of a mercantile character was not overcome. We do not think that it is necessary for us to analyze again the doctrine of this court laid down in the cases of *Pierluisi* v. *Monllor*, 42 P.R.R. 6; *Blondet* v. *Garáu*, 47 P.R.R. 820; *Barceló & Co., S. en C.* v. *Olmo*, 48 P.R.R. 239, and *Banco de Puerto Rico* v. *Rodríguez*, 53 P.R.R. 166—cited by the lower court—which explains and

limits the scope of the decision in the case of *Barros v. Padial*, 35 P.R.R. 237. In some of said cases the established facts were even stronger than those in the case at bar, not to overcome such presumption, but to sustain the same, and notwithstanding this, it was held that said presumption had been overcome. We confirm the doctrine laid down in *Pierluisi v. Monllor, supra,* wherein we stated that it was indispensable to decide clearly and finally the doubts which had arisen in connection with our decision in *Barros v. Padial, supra,* and after citing the pertinent sections of the Code of Commerce and the jurisprudence of the Supreme Court of Spain, we held, at page 15, the following:

"Therefore, according to our Code of Commerce—which in this respect is identical with the Spanish Code—the jurisprudence laid down by the Supreme Court of Spain, and the repeated decisions of this Court, promissory notes drawn to order are subject to the presumption *juris tantum* that they are mercantile in character, unless it is shown that they do not arise from commercial transactions. Consequently, the act of subscribing a promissory note payable to order does not turn a simple loan into a mercantile one, nor does it constitute in itself a commercial transaction, as our statute provides that those loans are mercantile which arise from commercial transactions. The same doctrine is maintained by the commentators. In his work, '*Jurisprudencia Mercantil,*' vol. 2, 235, Mr. Estasen says, as quoted by the appellees in their brief, that 'the bills and promissory notes which, according to section 532 of the Code of Commerce, have the same force and effect as bills of exchange, are not necessarily those the proceeds of which are to be employed in mercantile transactions but those arising from commercial transactions'; and on page 236 he further says: 'The commercial character of promissory notes drawn to order is not established by the mere condition as merchants of the persons interested in them as drawers, indorsers, or holders, but by the essential fact that they arise from commercial transactions.'"

■ Moreover, it was further proved in the case at bar, by oral as well as by documentary evidence, that the plaintiffs demanded payment of the note from the defendant and that the original creditor filed suit against the debtor in 1927,

although she did not prosecute the action. It was likewise proved that the defendant, by a letter of July 20, 1926, admitted that the note was overdue and asked Mr. García Veve, attorney-in-fact of the creditor, for an extension of time to pay the same together with the accrued interests. Therefore, it was shown that the prescription of 15 years had also been interrupted.

The judgment appealed from must be reversed. and another rendered instead, sustaining the complaint, with costs.